■ SUSAN L. ROSENSTIEL v. LEWIS S. ROSENSTIEL.— 

 In seeking leave to appeal plaintiff-appellant largely reargues questions of law previously addressed to the court and also argues with the conclusion of Special Term and this court on the basic questions of fact involved. Nowhere does she isolate the pure question of law which she contends would be determinative of the result reached in Special Term or in this court, and without which the motion for leave to appeal cannot properly be granted (Civ. Prac. Act, § 589, subd. 3, par. [b]; Cohen and Karger, Powers of the New York Court of Appeals [rev. ed.], § 85). Nor does she argue that there was an abuse of discretion. But even if she did, that would not be of avail. In the first place it is only in the extreme case in which the denial, as distinguished from the granting, of a discretionary remedy, such as a temporary injunction, can involve an abuse of discretion. Thus, Cohen and Karger say: "Only rarely is a denial of a discretionary remedy such an abuse of discretion as to present an issue of law; in most cases review in the Court of Appeals on any such basis would at best be an idle ceremony. The Court would almost invariably find no such abuse of discretion, and would be compelled to affirm. The practice of the Court is, accordingly, to dismiss the appeal in such cases" (pp. 376–377). Since plaintiff-appellant would appeal from an intermediate order, this court, in certifying a reviewable question to the Court of Appeals, would have to state expressly that its affirmance did not involve the exercise of discretion (Cohen and Karger, id. pp. 377, 382–383). This, of course, would be contrary to the language of the majority opinion in this case and contrary to the fact. In Cohen and Karger it is said: "An appeal from a non-final order of the Appellate Division denying a remedy in any case involving discretion, must be dismissed if the Appellate Division fails to make a recital, in the manner provided by section 603, the effect of which is to show that the denial was based on questions of law alone — at least where no actual issue is raised as to whether the Appellate Division abused its discretion as matter of law. In such circumstances, the Court of Appeals has held, 'lack of specification by the Appellate Division, as provided in section 603 of the Civil Practice Act, that its decision was based solely upon a question of law, compels us to presume that its disposition was dictated by an exercise of discretion. That being so, it follows that there is no decisive question of law presented for our review, and that the appeal * * * must be dismissed'" (pp. 383–384). There are no questions of law presented by plaintiff-appellant which would be determinative of plaintiff-appellant's right to the discretionary remedy she seeks. Of course, there were both questions of fact and matters of discretion involved in the denial of a temporary injunction.

These were resolved in favor of defendant-respondent. Concur — Botein, P. J., Breitel, Valente and Eager, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to grant the motion on the ground that the withholding of the temporary injunction prayed for in this case presents the question whether or not there has been an abuse of discretion in denying an injunction *pendente lite* restraining the prosecution by the defendant of a Connecticut action for divorce and other relief on grounds therefor not recognized in New York. The parties were married in and plaintiff resides in New York. There is an antenuptial agreement which will terminate upon the divorce or separation of the parties by decree or agreement. Triable issues of fact are present in respect of the defendant's claimed Connecticut domicile. As I view the authorities the presence of substantial factual issues as to defendant's alleged Connecticut domicile entitles the plaintiff to the preservation of the *status quo* and the relief sought towards that end. Therefore, in my opinion, the denial of such relief presents a substantial reviewable question of law.